UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LEMONT SIMS, JR., Booking #24722391,<br><br>                                    Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY JAIL MEDICAL, GEORGE BAILEY MEDICAL, SHARP GROSSMONT HOSPITAL, ALVARADO HOSPITAL,<br><br>                                    Defendants. | Case No.: 24cv1489-LL-DDL<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2;]**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.     INTRODUCTION

Plaintiff Tony Lemont Sims, Jr. ("Plaintiff" or "Sims"), a detainee proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 1, 2. In his Complaint, Plaintiff alleges Defendants violated his constitutional rights by failing to properly treat his broken arm. *See generally*, ECF No. 1. For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice for failure to state a claim.

/ / /

/ / /

1

## II.     MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Sims has provided a copy of his prison certificate and trust account statement. ECF No. 4. During the six months prior to filing suit, Sims had an average monthly balance of $0.00, average monthly deposits of $0.00, and an available account balance of $0.85 at the time he filed suit. *Id*. at 1. Accordingly, the Court **GRANTS** Plaintiff's IFP motion. While the Court assesses no initial payment, Sims must pay the full $350 filing fee in installments as set forth in 28 U.S.C. § 1915(b)(2).

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

### III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

#### A. Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and sua sponte dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed-me accusation[s]" fall short of meeting this plausibility standard. *Id*.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

#### B. Plaintiff's Allegations

Sims states that on March 4, 2024, he "broke [his] arm in custody" while housed at the San Diego Central Jail. ECF No. 1 at 5. Plaintiff does not explain how he was injured but alleges that he asked to be "triaged" by "medical" at the jail, but he received no response to his request. *Id*. He was released from custody shortly thereafter. *Id*.

Sims reported to work the same morning he was released from custody but was in too much pain to perform his job duties. *Id*. His employer told him to go the emergency room. Sims went to Sharp Grossmont Hospital ("SGH") where an X-ray revealed his arm

was "broken in three places." *Id.* SGH medical staff told Sims he would need "6 to 12 weeks in a full cast for the humerus bone to heal properly." *Id.* The SGH emergency room, however, did not "have the equipment for a solid cast so they applied a 1/2 cast," provided Sims with a sling, and told him to follow up with this primary care physician. *Id.*

Sims continued to experience pain in his arm and at some point, had a family member drive him to the emergency room at Alvarado Hospital. *Id.* at 6. There, medical staff applied a "second 1/2 cast" but would not give him a "full cast." *Id.* Sims attempted to get a follow-up appointment, but he was unable to when, "out of nowhere," his health insurance expired. *Id.* at 5, 6.

Sims was arrested again sometime in mid-April of 2024. *Id.* at 3, 6. At that time, he told the arresting officer, Martinez, about his broken arm. But Martinez did not give Sims, who had been sleeping, time to put on his half cast. *Id.* at 3. After Sims was booked into jail, "medical x-rayed [his] broke[n] arm" but did not give him treatment other than to prescribe extra strength Tylenol and "daily muscle rubs." *Id.* at 4. Sometime in May, Sims was offered a splint but he "signed a refusal of treatment" because he had not yet seen a doctor. *Id.*

Plaintiff attempted to submit "triage requests" to see a doctor but the drop box located in his dormitory for such requests was "stuffed full." *Id.* at 7, 9. As such, Sims states he was "forced to use regular inmate request forms and the U.S. Postal box." *Id.* at 9. Nonetheless, "medical never followed up." *Id.* As a result, Sims has suffered pain "due to nerve damage" and he alleges his arm "has never healed properly." *Id.* at 8, 9.

**C.    Discussion**

In his Complaint, Sims names four Defendants, all in their official capacities only: San Diego County Jail Medical, George Bailey Medical, SGH and Alvarado Hospital. *Id.* at 2. He lists the First, Fifth, Eighth and Fourteenth Amendments as the bases for relief and seeks money damages. *Id.* at 2, 12. But for the reasons discussed below, the claims must be dismissed because Sims has failed to state a claim against any Defendant.

/ / /

### 1. SGH and Alvarado Hospitals

Plaintiff has not stated a claim against SGH or Alvarado Hospital. Sims acknowledges he received treatment from SGH *after* he was released from custody in "early March" of 2024. ECF No. 1 at 5. Likewise, Sims acknowledges he was still out of custody when, shortly thereafter, he had his "daughter's mother" take him to the Alvarado Hospital emergency room because he was dissatisfied with the treatment he received at SGH. *Id.*

Private hospitals, doctors, and nurses are not generally considered state actors amenable to suit under § 1983. *See Briley v. California*, 564 F.2d 849, 855–56 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section."). While a private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983, *see West v. Atkins*, 487 U.S. 42, 56 n. 15 (1988), Sims was not in custody when he visited either hospital. And nothing in his Complaint suggests state action. *See* ECF No. 1 at 5–6. Indeed, he sought treatment at both locations as a private citizen.

Thus, Sims has failed to allege state action by SGH and/or Alvarado Hospital and therefore has failed to state a § 1983 claim against them. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Tsao*, 698 F.3d at 1138. And because the Court finds amendment of the complaint as to these two Defendants would be futile, they are dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (stating a litigant may be denied leave to amend when it would be futile).

### 2. San Diego County Jail Medical and George Bailey Medical

Sims' claims against San Diego County Jail Medical and George Bailey Detention Facility Medical must also be dismissed. Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not

an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'"); *Smith v. San Diego Cent. Jail*, No. 3:18-cv-1872-JLS-KSC, 2018 WL 4772149, at *3 (S.D. Cal. Oct. 3, 2018) (dismissing San Diego Central Jail Medical Group and George Bailey Detention Facility Medical Group as improper defendants in a § 1983 action). The Court therefore finds San Diego County Jail Medial and George Bailey Detention Facility Medical must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failure to state a § 1983 claim against them in their official capacities.[2]

### 3. **Plaintiff's Claims**

While the Complaint must be dismissed for failure to state a claim against any Defendant, the Court notifies Plaintiff of the following standards, should he attempt to amend his complaint. As noted above, Sims lists the First, Fifth, Fourteenth and Eighth Amendments as bases for relief.

    a. <u>Medical Care Claim(s)</u>

To the extent Plaintiff alleges he received inadequate medical care while in custody

---

[2] While the County of San Diego itself may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691 (1978); *Hammond v. Cnty. of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), Sims has not named the County as a Defendant. As a municipality, the County may be held liable under § 1983, but only where the plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *Monell*, 436 U.S. at 690; *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 402–04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark Cnty., Nev.*, 279 F.3d 1102, 1109–10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id*. (quoting *Monell*, 436 U.S. at 694).

of San Diego County, his claim appears to arise under the Fourteenth Amendment, and not the Eighth or the Fifth. The Due Process Clause of the Fourteenth Amendment is applicable to claims of pretrial detainees rather than the Eighth Amendment because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1975). And the Fifth Amendment applies to such claims brought by *federal* pretrial detainees. *Id.* at 530, 535 (holding that the Fifth Amendment's Due Process Clause prohibits subjecting federal pretrial detainees to conditions of confinement that "amount to punishment"); *see also Toney v. Williams*, 2020 WL 1912168, at *5 (S.D. Cal. Apr. 20, 2020) ("Because Plaintiff is a pre-trial detainee alleging that federal officials violated his rights to medical care and due process, and his right to be free from cruel and unusual punishment, his claims arise under the Fifth, not the Eighth Amendment"). Therefore, it appears the Fourteenth Amendment provides the appropriate standard for Plaintiff's medical care claim(s).

To state a 42 U.S.C. § 1983 claim for inadequate medical care under the Fourteenth Amendment, a pre-trial detainee must plausibly allege that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

      b.    <u>Claims Regarding Submission of Grievances</u>

As for Plaintiff's reference to the First Amendment, he states the drop box located in his dorm for submitting grievances regarding his medical care was "stuffed beyond capacity" and thus he had to use "U.S. Postal" to submit grievances and requests to see a doctor. ECF No. 1 at 7. As part of their First Amendment right to access the courts,

prisoners have a right to file prison grievances. *See Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison official's alleged failure to process an inmate grievance may implicate a prisoner's First Amendment right of access to the courts, but to state such a claim, a plaintiff must show that he suffered an "actual injury" because of a defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 351–53, 354–55 (1996). To establish an actual injury, a prisoner must show that a defendant hindered the prisoner's efforts to pursue a nonfrivolous claim concerning his conviction or conditions of confinement. *Id.* at 354–55.

### D.     Partial Leave to Amend

As noted above, Sims' claims against Sharp Grossmont Hospital and Alvarado Hospital are dismissed without leave to amend because to do so would be futile. *See Lopez*, 203 F.3d at 1130–31. However, the Court **GRANTS** Plaintiff leave to amend his Complaint as to his other claims/defendants, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### V.     CONCLUSION AND ORDER

Accordingly, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2.     **ORDERS** the Facility Commander of George Bailey Detention Facility, or his designee, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). All payments must clearly identify the name and case number assigned to this action.

/ / /

/ / /

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, San Diego County Sheriff's Department, George Bailey Detention Facility, 446 Alta Rd. Ste. 5300, San Diego, California, 92158.

4. **DISMISSES** Defendants Sharp Grossmont Hospital and Alvarado Hospital without leave to amend for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

5. **DISMISSES** the Complaint in its entirety for failure to state a claim. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

6. **GRANTS** Plaintiff leave to file a First Amended Complaint by **April 1, 2025** which cures the deficiencies of pleading noted in this Order. Plaintiff's amended complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: January 31, 2025

Honorable Linda Lopez
United States District Judge