UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LEMONT SIMS, JR., Booking #24722391,<br><br>                          Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, KELLY MARTINEZ, GEORGE BAILEY MEDICAL STAFF, SAN DIEGO COUNTY CENTRAL JAIL MEDICAL STAFF,<br><br>                          Defendants. | Case No.: 24cv1489-LL-DDL<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.     INTRODUCTION

Plaintiff Tony Lemont Sims ("Plaintiff" or "Sims"), a detainee proceeding in forma pauperis and representing himself, is pursuing a civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's original complaint and granted him leave to amend. ECF No. 6. Plaintiff has now filed a First Amended Complaint ("FAC"). ECF No. 7. In it, he alleges his constitutional rights were violated when he was injured in a fall while detained at San Diego County Central Jail and received inadequate medical care. *See id.* For the reasons discussed below, the Court dismisses Plaintiff's FAC for failure to state a claim.

## II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A.     Legal Standards

As with his original complaint, because Plaintiff is proceeding IFP, the Court must screen the FAC and sua sponte dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.     Plaintiff's Allegations

Sims states that on the morning of March 4, 2024, while he was detained at San Diego County Central Jail, he fell from a top bunk. ECF No. 7 at 3. Shortly thereafter, Sims told a deputy that "something didn't reel right" and asked to "see medical." *Id.* The deputy responded that "it doesn't work like that" and he would bring Sims a "sick call slip." *Id.*

Sims saw a nurse on "med pass" later that afternoon and told her he was in pain, but she told Sims to "put it on a sick call request." *Id.* It is unclear when (or whether) Sims

2

1 | submitted a request but he alleges the "triaj [sic] box" was never checked. *Id.* at 4.

2 |     During subsequent "wellness check[s]," Sims asked unnamed individuals for "Motrin, Tylenol or just to be seen" but his requests were "refused" for the next four days. Deputies told Plaintiff they could not see anything wrong with him and he should "toughen up." *Id.* Sims was released from custody on March 9, 2024. *Id.*

    After his release, Sims went to work but his employer dismissed him after only forty-five minutes because he was "unable to perform work tasks due to [his] painful arm." *Id.* at 5. After leaving work, Sims went to the Grossmont Hospital emergency room, where his arm was x-rayed and found to be "broken in 3 places." *Id.* at 5. Doctors at Grossmont Hospital put a "half cast splint" on Plaintiff's arm. *Id.*

    Over the next several days, Sims continued to feel pain. *Id.* at 6. He was unable to make a follow up appointment with his primary care physician. But he "knew [he] needed a full cast" so "after a few weeks of being told 'no' over the phone," Sims went to Alvarado Hospital's emergency room where he received a "new 1/2 cast splint and medication to last until he contacted their specialist to apply a cast." *Id.*

    On April 15, 2024, before he could arrange follow up care, Sims was arrested again. *Id.* at 7. Upon intake, Sims told "jail medical" his arm was broken and asked for a half cast and splint, but he was told he needed to first sign a medical information release form so staff could "access his medical history from Sharp Grossmont and Alvarado" hospitals. *Id.* Sims signed the release form but did not get medical treatment until April 22, 2024, when his arm was x-rayed and "a fracture" was found. *Id.* at 7, 11. But Sims was transferred to state prison before he could be "seen by a doctor with the actual knowledge of [his] broken arm." *Id.* at 11.

**C. Discussion**

    In his FAC, Sims names four Defendants: the County of San Diego, San Diego Sheriff Kelly Martinez, George Bailey Medical Staff, and San Diego County Central Jail Medical Staff. *Id.* at 2. He alleges Defendants "denied [him] access to medical help," in

/ / /

violation of the First, Fourth, Eighth and Fourteenth Amendments. *Id.* at 4. He seeks money damages and injunctive relief. *Id.* at 13.

### 1. County of San Diego

As a municipality, the County of San Diego may be held liable under § 1983, but only where the plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690 (1978); *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 402–04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability.").

To state a *Monell* claim against a municipality, a plaintiff must allege facts demonstrating "that an 'official policy, custom, or pattern' on the part of [the municipality] was 'the actionable cause of the claimed injury.'" *Tsao*, 698 F.3d at 1143 (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008)); *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (explaining that to establish municipal liability under § 1983, a plaintiff must show a direct causal link between the municipal policy or custom and the alleged constitutional violation). The Ninth Circuit has recognized four theories for establishing municipal liability under *Monell*: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

Here, Sims claims his constitutional rights were violated by a failure to provide him adequate medical care, but he has failed to allege any facts to suggest "the constitutional violations were carried out pursuant to County" policy, practice, custom or failure to train.

*See AE ex rel. Hernandez*, 666 F.3d at 637 (stating a *Monell* claim requires "more than a bare allegation that government officials' conduct conformed to some unidentified government policy or custom").

Sims cites to several federal and state laws and regulations, but none appear to be related to any official policy or custom of the County or Sheriff's Department. For instance, Sims references the Federal Credit Reporting Act ("FCRA") and the Fair and Accurate Credit Transactions Act ("FACTA"), *see* ECF No. 7 at 7, but does not explain how these federal laws are relevant to his claim that he was denied adequate medical care. He also alleges a violation of "Hippa," which appears to be a reference to the Health Insurance Portability and Accountability Act ("HIPAA"). *See id.* at 11. But "HIPAA itself provides no private right of action." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (quoting *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)); *Adams v. Eureka Fire Prot. Dist.*, 352 Fed. App'x 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action"); *Sneed v. Pan Am Hosp.*, 370 Fed. App'x 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action or rights that are enforceable through § 1983.").

Sims also references California Penal Code section 4011.1 and Government Code section 29602, but both statutes address only who bears the cost of certain types of medical care for detainees.[1] Plaintiff's citation to section 3999.303 of Title 15 of the California Code of Regulations is similarly irrelevant. Title 15 of the California Code of Regulations

---

[1] California Penal Code section 4011.1 "allows local institutions to seek reimbursement for medical treatment, hospitalization, surgical, dental, and optometric care from those serving local time, but excepts care resulting from injury while incarcerated and care or testing mandated by law." *Conservatorship of Edde*, 173 Cal. App. 4th 883, 898 (2009). And California Government Code section 29602 provides that the County is financially responsible "for recreational and other services for those confined in jail." *See People v. Tice*, 89 Cal. App. 5th 246, 254 (2023).

sets forth procedures for obtaining medical care for *state prisoners*, and as such these regulations apply to the California Department of Corrections and Rehabilitation, not to San Diego County jails. In sum, none of the statutes and regulations cited by Plaintiff suggest a policy, custom or pattern by the County.

Because Plaintiff has failed to allege the County of San Diego had an "official policy, custom, or pattern" that was the "actionable cause of [his] claimed injury," he has failed to state a claim against the County. *See Tsao*, 698 F.3d at 1143; 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

### 2. *San Diego Central Jail Medical Staff and George Bailey Medical Staff*

Sims' claims against San Diego County Central Jail Medical Staff and George Bailey Detention Facility Medical must also be dismissed. Local law enforcement departments, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." (citation omitted)); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'"); *Smith v. San Diego Cent. Jail*, 2018 WL 4772149, at *3 (S.D. Cal. 2018) (dismissing San Diego Central Jail Medical Group and George Bailey Detention Facility Medical Group as improper defendants in a § 1983 action); *see also Pressley v. San Diego Sheriff Cent. Cnty. Jail*, 2017 WL 4960221, at *3 (S.D. Cal. 2017). ("A local law enforcement department (like the San Diego County Sheriff's Department or its Central Jail) is not a proper defendant under § 1983.").

Therefore, San Diego County Jail Medial and George Bailey Detention Facility Medical are dismissed as Defendants for failure to state a § 1983 claim. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

/ / /

/ / /

### 3. Sheriff Kelly Martinez

Sims also fails to state a claim against San Diego County Sheriff Martinez in his official or individual capacities. An official-capacity suit is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see also Monell*, 436 U.S. at 690 n.55 (stating "official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). Thus, to the extent Sims names Martinez in his official capacity, he is dismissed as redundant. *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (stating that "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant").

Plaintiff also fails to state a claim against Martinez in his individual capacity. As discussed above, § 1983 does not allow for respondeat superior claims. *See Iqbal*, 556 U.S. at 676. A supervisory defendant is responsible only for his or her personal actions or inaction. *Id.* As such, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. And here, Sims fails to identify any individual actions taken by Martinez and therefore fails to state an individual-capacity claim against him.

Accordingly, the Court dismisses Martinez as a defendant for failure to state a claim against him. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b); *Iqbal*, 556 U.S. at 678.

### D. Leave to Amend

Given Plaintiff's pro se status, the Court **GRANTS** him one final opportunity to amend his pleading, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

/ / /

## III. CONCLUSION AND ORDER

Accordingly, the Court:

1. **DISMISSES** the First Amended Complaint in its entirety for failure to state a claim. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

2. **GRANTS** Plaintiff leave to file a Second Amended Complaint on or before **August 14, 2025** which cures the deficiencies of pleading noted in this Order. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to timely file a Second Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: July 1, 2025

_____
Honorable Linda Lopez
United States District Judge