# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LAMONT SIMS, JR,<br><br>                      Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY JAIL MEDICAL, GEORGE BAILEY MEDICAL, SHARP GROSSMONT HOSPITAL, ALVARADO HOSPITAL, COUNTY OF SAN DIEGO, KELLY MARTINEZ,<br><br>                      Defendants. | Case No.:  24cv1489-LL-DDL<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PROSECUTE** |

On August 19, 2024, Tony Lamont Sims, Jr. ("Plaintiff"), filed a civil rights action pursuant to 42 U.S.C. § 1983 and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF Nos. 1–2. The Court granted Plaintiff's IFP motion but dismissed the original complaint without prejudice and with leave to amend. ECF No. 6. Plaintiff filed a First Amended Complaint ("FAC") on March 24, 2025. ECF No. 7. On July 25, 2025, the Court dismissed the FAC for failure to state a claim and gave Plaintiff another opportunity to amend. ECF No. 8. The Court also cautioned Plaintiff that a failure to respond to the Court's dismissal order by failing to file a Second Amended Complaint

would result in the Court entering a final order of dismissal of this action. *Id.* at 8. Plaintiff requested an extension of time [ECF No. 9], which the Court granted on September 9, 2025, giving Plaintiff until October 15, 2025 to file his Second Amended Complaint. ECF No. 10.

I.   **DISCUSSION**

The time for Plaintiff to respond to the Court's Order has passed and the Court has received no communication from Plaintiff since his September 2, 2025 request for an extension of time. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (the Court has discretion to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order).

II.   **CONCLUSION AND ORDER**

The Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a plausible § 1983 claim and his failure to prosecute this action. The Court **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: January 8, 2026

_____
Honorable Linda Lopez
United States District Judge